**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| Galyna Kovalska and Mykola Kot,<br><br>Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>Defendant. | CIVIL CASE NO: ED CV 07-1573-SGL (OPx)<br><br>**PROTECTIVE ORDER REGARDING SENSITIVE AND CONFIDENTIAL LAW ENFORCEMENT DOCUMENTS**<br><br>Judge: Hon. Stephen G. Larson<br>U.S. District Court Judge |

Having considered the parties' Stipulated Motion for a Protective Order Regarding Sensitive and Confidential Law Enforcement Documents, and good cause appearing, IT IS HEREBY ORDERED pursuant to 5 U.S.C. § 522a(b)(11) and Fed. R. Civ. P. 26(c), that subject to the conditions described below, the United States is authorized to release to counsel for the Plaintiffs government records containing Privacy Act protected information, without obtaining prior written consent of the individuals to whom those records pertain, and records containing the government's enforcement policies and procedures (collectively, the "protected documents").

1. This Order shall govern the disclosure of protected documents as well as deposition testimony concerning information contained in protected documents and the government's law enforcement policies and procedures. For purposes of this Order, such protected documents will be deemed "sensitive" and "confidential" for purposes of this litigation. Government records that identify specific individuals or contain sensitive law enforcement information, as determined by the United States, shall be marked "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking, and may be used only for prosecuting, defending, or attempting to settle this litigation.

2. Any government documents or information produced by the United States that are designated as subject to this Order shall be used by the parties only for purposes of

litigating this case, including any subsequent appeals. Persons receiving copies of protected documents, or the contents of protected documents, subject to this Order, shall not use such documents or other information for any other purpose.

3. No person to whom disclosure of protected documents, of the contents of protected documents, is made pursuant to this Order shall make disclosure of such matters, except as allowed by this Order.

4. Except as otherwise ordered by this Court, any government record or item subject to this Order may be disclosed by counsel for the parties only to the following persons: (a) counsel for other parties in the event that this matter becomes consolidated with the case of *Julia Davis et al v. Jeffrey Deal, Herbert Kaufer, and The United States of America*, CD Calif Cause No. 5:07cv481-SGL-OPx; (b) partners, associates, secretaries, paralegal assistants, and employees of the parties' counsel to the extent reasonably necessary to render professional services in these cases; (c) persons retained by the parties' counsel to serve as expert witnesses, provided that such disclosure is reasonably and in good faith calculated to aid in litigating these cases.

    a. The attorneys of record for Plaintiffs may be permitted to see originals and obtain copies of the protected documents covered by this Order. Also, expert witnesses formally retained and designated by Plaintiffs as experts regarding law enforcement techniques, including use of force, may be permitted to see originals and obtain copies of the protected documents covered by this Order, provided such experts have first executed the written statement set forth in Paragraph 6 below, and comply with the provisions of that section. Plaintiffs and their agents shall use the protected documents solely for the purposes of this litigation.

    b. Plaintiffs shall not make any disclosure of the protected documents, including the contents thereof or any information derived from the protected documents, except as allowed by this Order. The sole purpose for which the protected documents are being disclosed to Plaintiffs is to allow them to prepare and litigate this specific legal action. Plaintiffs may not use such documents, records, or other information (or the contents thereof)

1  for any other purpose, including use as background material, for inclusion in books,
2  magazines, newspapers, screenplays or other publications or forms of media. Plaintiffs are
3  specifically prohibited from placing any of the protected documents (or the contents thereof)
4  on the Internet.

5       5.    Counsel for the parties shall take reasonable precautions to secure the protected
6  documents, such as storing them in secure areas and not leaving them in open or unsecured
7  locations where unauthorized persons (such as unauthorized employees of counsel, cleaning
8  personnel, *etc.*) might have access to them.

9       6.    No person to whom disclosure of protected documents (or the contents thereof)
10  is made pursuant to this Order shall make disclosure of such matters to any other person
11  unless the disclosure is reasonably and in good faith calculated to aid in the preparation
12  and/or the prosecution of this specific legal action. Plaintiffs shall ensure that any other
13  person to whom disclosure may be made pursuant to this Order shall, prior to such
14  disclosure, have read, understood, and acknowledged in writing his or her agreement and
15  shall acknowledge their agreement to comply with the provisions of this Order by signing
16  a copy of the attached acknowledgment form. This written requirement applies to, but is not
17  limited to, paralegals, secretaries, expert witnesses, and other individuals and entities who
18  may be employed or retained by counsel to assist in the preparation and/or the prosecution
19  of this specific legal action. Plaintiffs shall be responsible for maintaining the signed original
20  of each such written statement until the conclusion of these proceedings, including any
21  appeal. The parties acknowledge that violation of this Order may subject them to civil
22  liability including, but not limited to, contempt of Court and could warrant sanctions, in
23  addition to possible liability to any injured party.

24       7.    To the extent that protected documents may be identified or referred to in
25  depositions, the court reporter transcribing the deposition shall sign a copy of the
26  acknowledgment form, described in Paragraph 6 and attached to this Order. Any questions
27  intended to elicit testimony regarding the contents of the protected documents shall be
28  conducted only in the presence of persons authorized to review the protected documents, as

provided in this Order. Any deposition transcripts containing such questions and testimony shall be subject to the same protections and precautions as the protected documents themselves.

8.  The parties reserve the right to move to modify the terms of this Protective Order at any time, and each reserves the right to oppose any motion to modify the terms of the Protective Order.

9.  Unless the Court has previously ruled that a document or information is not subject to the Privacy Act or not otherwise within the scope of this Protective Order, government records or items subject to this Protective Order may be presented to the Court only under seal. Should the parties seek to use Privacy Act protected documents or information in open Court or at trial, orally or through documents, including as trial exhibits, or seek to file such information as part of a public filing (e.g., a pleading, motion, exhibit or expert report), they must first seek an Order from the Court ruling that the information is relevant and may be publicly disclosed.

10. Upon conclusion of this specific legal action (including any appeal), all copies of documents, records and other information released under this Order, with the exception of exhibits entered into evidence, and any documents created by Plaintiffs which are subject to this Order shall be returned to the government's counsel within a reasonable period, not to exceed sixty (60) days. In the alternative, Plaintiff may provide written authentication to defense counsel that all such documents, records and other information released under this Order have been destroyed. In addition, all log(s) of persons authorized to review the protected documents and the written statement(s) acknowledging the terms and provisions of this Order pursuant to Paragraph 6 of this Order, must also be returned to the government's counsel within a reasonable period, not to exceed sixty (60) days.

11. The United States, and its officers, employees, or attorneys, shall not bear any responsibility or liability for any unauthorized disclosure of any documents obtained by Plaintiffs' counsel under this Order, or of any information contained in such documents.

1  12. Nothing in this Order constitutes any decision by the Court concerning discovery disputes or the admission into evidence of any specific document or testimony or liability for payment of any costs of production or reproduction of documents. This Order also does not constitute a waiver by any party or any right to object to discovery or admission into evidence of any document, record, testimony or other information that is subject to this Order. Nor does the government waive any privileges, including, but not limited to, the investigatory files privilege, *see e.g, Weiner v. FBI*, 943 F. 2d 972, 985 (9th Cir. 1991), by entering into this order.

13. Nothing in this Protective Order shall preclude any party from seeking a determination that any matter designated "SUBJECT TO PROTECTIVE ORDER" under this Protective Order is not entitled to protection, or is entitled to a more limited form of protection. In seeking a judicial determination of a document's designation, the challenging party must initially confer with counsel for the designating party. If the parties cannot come to an agreement, the challenging party may then file a motion under Civil Local Rule 7 that identifies the challenged material and sets forth in detail the basis for the challenge. Until the court rules on a challenge to a party's designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**IT IS SO ORDERED**

Dated: December 5, 2008

STEPHEN G. LARSON
UNITED STATES DISTRICT JUDGE

**ATTACHMENT TO PRIVACY ACT ORDER AND PROTECTIVE ORDER**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| Galyna Kovalska and Mykola Kot,<br><br>Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>Defendant. | CIVIL CASE NO: ED CV 07-1573-SGL<br>(OPx)<br><br>**ACKNOWLEDGMENT OF PRIVACY ACT ORDER AND PROTECTIVE ORDER**<br><br>Judge: Hon. Stephen G. Larson<br>U.S. District Court Judge |

I, _____, declare under penalty of perjury that I have read and understand the terms of the Privacy Act Order and Protective Order issued by the United States District Court for the Central District of California in the above-captioned matter on _____, 2008. I understand that this Order remains in effect during and after the conclusion of this litigation, and I agree to be bound by it. I understand that I may be subject to civil liability including, but not limited to, contempt of Court and could warrant sanctions, in addition to possible liability to any injured party if I violate this Order.

Dated:_____       _____